IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LARRY CARTER, | |
| Petitioner, | CIVIL ACTION NO.: CV215-149 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No. CR214-14) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Larry Carter ("Carter"), who is currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Carter also filed a Motion for Evidentiary Hearing. (Doc. No. 10). Respondent filed Responses to both of Carter's Motions. (Doc. Nos. 7, 11). Carter's Motion for Evidentiary Hearing is **DENIED**. For the reasons which follow, I **RECOMMEND** that Carter's Section 2255 Motion be **DISMISSED**.

## STATEMENT OF THE CASE

Carter was convicted in this Court, after entry of a guilty plea, to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841. The Honorable Lisa Godbey Wood sentenced Carter to 235 months' imprisonment, which was to run consecutively to the term of imprisonment imposed during the revocation proceedings of Carter's term of supervised release in Case Number 2:04-cr-2. J.,

United States v. Carter, 2:14-cr-14 (S.D. Ga. June 25, 2015), ECF No. 338. Carter did not file a direct appeal.

In his Motion, Carter contends his attorney rendered ineffective assistance of counsel because his counsel failed to file a direct appeal, despite Carter's instruction to do so. (Doc. No. 1, p. 5). Carter asserts he could not file an appeal himself because ineffective assistance claims are not cognizable on appeal. (Id. at p. 12). Carter also asserts that he should not have received a sentence enhancement based on his leadership role. (Doc. No. 1-1, pp. 4–5).

The Government contends the collateral attack waiver in Carter's plea agreement bars his claims.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Carter's Request for an Evidentiary Hearing**

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238–39 (11th Cir.

2004). Because Carter's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary, and Carter's request for such a hearing is **DENIED**.

II. **Whether the Waiver Provision in his Plea Agreement Bars Carter's Claims**

The Government alleges the appellate waiver provision contained in Carter's plea agreement bars Carter's ineffective assistance of counsel and sentencing claims. The Government asserts Carter, as part of his plea agreement, waived his right to attack his conviction and sentence on any ground. (Doc. No. 7, p. 10). The Government contends none of the exceptions contained in the waiver provision apply, as Chief Judge Wood did not sentence Carter above the statutory maximum or the advisory Guidelines range. In addition, the Government avers Carter "explicitly and irrevocably instructed his attorney *not* to file an appeal on his behalf." (Id. at p. 12) (emphasis in original). The Government also avers that, if the Court deems the waiver to be inapplicable, the record belies Carter's self-serving allegations that his counsel failed to file an appeal as requested.

It is well-settled that a waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2)

---

[1] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365–67 (N.D. Ga. 2004).

3

it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." Brown v. United States, 256 F. App'x 258, 261–62 (11th Cir. 2007).

Carter and his attorney, Ron Harrison, were able to negotiate a plea agreement with the Government whereby Carter agreed to plead guilty to Count 1 of the Indictment. A "Waiver of Appeal" provision was included as part of the plea agreement. This section provides:

> Defendant entirely waives his right to a direct appeal of his conviction. The defendant agrees to waive his right to appeal the sentence. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. **Absent those exceptions, the Defendant explicitly and irrevocably instructs his attorney not to file an appeal.**

Plea Agreement, United States v. Carter, 5:14-cr-14 (S.D. Ga. Oct. 1, 2014), ECF No. 251, p. 8 (emphasis supplied).

Carter appeared before Chief Judge Wood for his change of plea, or Rule 11, proceeding. Chief Judge Wood addressed Carter and informed him that he: did not have to plead guilty; had the right to persist in a plea of not guilty; had a constitutional right to representation by an attorney at every phase of his case; maintained a

4

presumption of innocence if he proceeded to trial; had the right to a public trial by jury; would have the right to confront the Government's witnesses and to see its evidence; would have the right to call witnesses and present evidence; and had the right to not incriminate himself by testifying. Change of Plea Hr'g Tr., United States v. Carter, 2:14-cr-14 (S.D. Ga. Oct. 1, 2014), pp. 7–8. Chief Judge Wood then informed Carter that, if he pleaded guilty and she accepted his plea, he would waive, or give up, all of the rights associated with a trial by jury. (Id. at p. 8). Carter stated he and Mr. Harrison read and reviewed the Indictment together, discussed the plea agreement, discussed the facts and law applicable to the case, and discussed what would occur during the Rule 11 hearing. Carter also stated Mr. Harrison discussed, in general terms, the application of the advisory Sentencing Guidelines. Carter further stated he was satisfied with Mr. Harrison's representation and had no complaints about him whatsoever. (Id. at pp. 9–10). Even though Carter and Mr. Harrison had reviewed the Indictment together, Chief Judge Wood reviewed the counts of the Indictment and the essential elements of the crimes for which he was charged that the Government would have to prove. (Id. at pp. 10–13). Chief Judge Wood advised Carter, "Now the maximum penalty that I could ever impose for a violation of that particular statute, 21 U.S.C. § 846, is not more than twenty years in prison, a fine of not more than a million dollars, at least three years['] supervised release, and a one hundred dollar special assessment." (Id. at p. 13). Carter expressed his understanding of the maximum penalty he could face. (Id. at p. 14). Chief Judge Wood then advised Carter that the advisory Sentencing Guidelines provide for a range for his sentence, and these Guidelines allow for certain factors, such as his conduct in the crime to which he was pleading guilty, his criminal history, and his

acceptance of responsibility. (Id. at pp. 14–15.) Carter indicated his understanding of these matters. (Id. at p. 15.) Chief Judge Wood inquired whether anyone had promised him an exact sentence, and Carter said no one had. Chief Judge Wood stated, "That's good because at this point nobody can promise you an exact sentence. All they can do is give you their best estimate about what your sentence is going to be. And their best estimate would only be that, an estimate, and it would in no way be binding upon the Court." (Id.)

In addition, Chief Judge Wood asked the United States Attorney ("AUSA") to summarize the provisions of the plea agreement. AUSA Daniel Crumby stated:

> The Government agrees not to object that Mr. Carter receive three levels for acceptance of responsibility. At the time of sentencing, we will move to dismiss the remaining counts of the Indictment that are currently pending against him. We will also evaluate whether his cooperation rises to the level of 'substantial assistance' and whether he qualifies for a motion for downward departure. In exchange, Mr. Carter agrees to the following: He agrees to plead guilty to Count One of the Indictment, acknowledge the truth of the factual basis enclosed with the plea agreement, to pay the special assessment due at sentencing, and provided full, complete, candid, and truthful information to the Government.

(Id. at p. 16). Chief Judge Wood asked Carter if AUSA Crumby's summarization was consistent with the plea agreement he signed, and Carter stated it was. Carter also stated he read the agreement and Mr. Harrison answered any questions he had before he signed the agreement. (Id. at p. 17.) Chief Judge Wood then addressed Carter:

> As mentioned by your counsel, the plea agreement that you are proposing contains a waiver of appellate rights. Specifically, it states: Defendant entirely waives his right to a direct appeal of his conviction. And the Defendant agrees to waive his right to appeal the sentence.
>
> Now there are three exceptions to that waiver. That is, if and only if one of these three things were to occur you would get a direct appeal right. Number one, if I were to sentence you above the statutory maximum, then

> you would get to appeal that directly. Number two, if I were to sentence you above the advisory guideline range as found by me, you would get to appeal that directly. Or number three, if the Government were to file a direct appeal, then you too could file a direct appeal.
>
> But outside of those three occurrences, by virtue of the plea agreement that you are proposing, you waive all other appellate rights. Do you understand that?

(Id. at pp. 17–18). Carter stated he understood this provision. Chief Judge Wood also noted the plea agreement contained a collateral attack waiver which precluded Carter from attacking his conviction and sentence on any ground and by any method, including a Section 2255 motion. Carter expressed his understanding of that provision. (Id. at p. 18).

Chief Judge Wood then asked Carter whether he wished to still plead guilty to Count One of the Indictment because he was in fact guilty of that count, and he answered in the affirmative. (Id. at p. 19). Chief Judge Wood also asked Carter whether he understood the rights and privileges he was waiving if she accepted his plea, and he said he did. Chief Judge Wood determined Carter's plea was "knowing" and "voluntary", and he participated in the Rule 11 proceedings "intelligently." (Id.) Carter agreed. The Government provided a factual basis for Carter's plea of guilty. (Id. at pp. 20–26.) After hearing from Carter again, during which time he agreed with the Government's factual basis, Chief Judge Wood accepted Carter's plea and adjudged him guilty of Count One of the Indictment. Chief Judge Wood informed Carter a probation officer would conduct a presentence investigation and issue a Pre-Sentence Investigation report ("PSI"), which would be disclosed to the defense and Government, and that she would schedule a sentencing hearing. (Id. at p. 27.)

7

At the sentencing hearing, Harrison raised a number of objections to certain aspects of the PSI, most notably the leadership role enhancement. Sentencing Hr'g Tr., United States v. Carter, 2:14-cr-14 (S.D. Ga. June 24, 2015). After listening to the Government's witnesses' testimony, an audio recording, and Harrison's arguments in this regard, Chief Judge Wood overruled Harrison's objection. (Id. at pp. 6–8, 11–83, 88). In so doing, Chief Judge Wood declared,

> I find with little difficulty in ruling that [the four-level aggravating role adjustment] is a proper enhancement that is given. The preponderance of the credible evidence shows that, of course, this activity involved more than five people, and it was extensive, and with respect to this particular defendant's relative role to the other participants, I have little trouble finding that he did, in fact, direct the activities of Mr. Doomes, that it was not simply a partnership or some sort of sharing but the evidence adduced today shows that that four-level enhancement is warranted. He was a leader in this activity.

(Id. at p. 91). Chief Judge Wood found Carter's total offense level was 31, and he had a criminal history category of VI, which resulted in a Guidelines' range of 188 to 235 months of imprisonment. (Id. at p. 93). Chief Judge Wood considered the PSI and the addendum thereto, the sentencing memorandum, the testimony of all of the witnesses during the sentencing hearing, the arguments which were made (including sentence disparity), and the sentencing factors set forth in 18 U.S.C. § 3553 before pronouncing Carter's 235-month sentence, which was to run consecutively to the term of imprisonment imposed upon revocation in Case Number 2:04-cr-2. (Id. at pp. 98–99). In closing, Chief Judge Wood reminded Carter that, with limited exceptions, he waived his appellate and collateral attack rights and asked Harrison to execute and file the notice of post-conviction obligation form. (Id. at p. 101).

As directed, Harrison and Carter executed the Post-Conviction Consultation Certification. United States v. Carter, 2:14-cr-14 (S.D. Ga. June 25, 2015), ECF No. 337. In this Certification, the blocks indicating Carter decided not to file an appeal and that Harrison explained the consequences of failing to do so are marked with an "X". (Id. at pp. 2–3.)

The record clearly indicates that Carter understood the implications of entering a guilty plea, as well as the meaning of the appeal waiver condition. In addition, Chief Judge Wood specifically questioned Carter about this condition during the Rule 11 hearing. Mottola, 394 F. App'x at 568. Carter's sentence of 235 months' imprisonment fell within the 188 to 235 months Guidelines' range, as found by Chief Judge Wood, and below the statutory maximum of 20 years' imprisonment he potentially faced. To be clear, the waiver provision allowed for Carter to appeal if "the court enters a sentence above the statutory maximum," or "a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing[.]" Plea Agreement, United States v. Carter, 5:14-cr-14 (S.D. Ga. Oct. 1, 2014), ECF No. 251, p. 8. Carter was not sentenced to a term of imprisonment higher than the advisory Guidelines range Chief Judge Wood found to be appropriate, nor was he sentenced above the statutory maximum sentence. It appears that Carter's claim clearly falls within the limited waiver condition of his plea agreement, and he is not entitled to his requested relief. In addition, Carter certified that he did not wish to file an appeal. Thus, Carter's Motion should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Carter's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**. Carter's Motion for Evidentiary Hearing is **DENIED**.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 22nd day of July, 2016.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE